FILED

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 JUL 30 AM 9: 33

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| Plaintiff, | } } } | |
| v. | } } | CASE NO. CV 98-B-1080-S |
| PANICEIA WINDER, SSN: 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 | } } } | |
| Defendant. | } } } | |

ENTERED
JUL 30 1998

## MEMORANDUM OPINION

This matter is before the court on plaintiff's unopposed Motion for Summary Judgment. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's motion is due to be granted.

In this suit, plaintiff, the United States of America, claims of the defendant Paniceia Winder the principal sum of $1260.30, accrued interest of $250.06 as of March 20, 1998, plus interest thereafter at the rate of 8% per annum on the principal sum until date of judgment, on a promissory note issued in Winder's name. (Compl. ¶ 2.) Plaintiff claims that the promissory note was executed by Winder in satisfaction of her obligation to repay sums advanced to her by Florida Federal Savings and Loan Association in St. Petersburg, Florida. (Compl. ¶ 3.) Plaintiff further avers that the claim arises in connection with a Government insured or guaranteed loan made by a private lender and assigned to the United States under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended. *Id.*

On June 25, 1998, plaintiff filed the Motion for Summary Judgment presently before the court. On July 1, 1998, the court entered an Order in which it gave defendant until July 17, 1998 to submit any opposition to plaintiff's Motion for Summary Judgment. Having received no opposition from plaintiff, this matter is now ripe for decision.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. V. Catrett*, 477 U.S. 317, 322 (1986). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED. R. CIV. P. 56(a) and (b). Once the party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Thus, although a court may not grant a motion for summary judgment simply because the motion goes unopposed, it may do so if summary judgment is otherwise appropriate.

Applying the standards governing summary judgment to the facts of this case, the court concludes that there is no genuine issue as to any material fact, and plaintiff is entitled to a judgment as a matter of law. Defendant has not come forward with **any** evidence, much less

evidence showing a dispute as to any factual contention of plaintiff. Thus, defendant has not only failed to meet her burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex*, 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant a grant of summary judgment for plaintiff. Consequently, the court holds that plaintiff's Motion for Summary Judgment is due to be granted.

An Order and Judgment in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 30th day of July, 1998.

SHARON LOVELACE BLACKBURN
United States District Judge